ASHTON, (DURHAM v.) See Case No. 4,192.

## Case No. 583.

### ASHTON v. FITZHUGH et al.

[1 Cranch, C. C. 218.] [1]

Circuit Court, District of Columbia. Dec. Term, 1804.

PLEADING—DECLARATIONS—NOT FOR SPECIFIC SUM—DEMURRER.

A declaration in debt for "$103⅓, or 31 pounds Virginia," is bad on special demurrer. It must be for a sum certain.

At law. Special demurrer; because the declaration is that defendants render to plaintiff $103⅓, or 31 pounds of Virginia, which they owe and detain; which is uncertain, not being positive, nor certain what pounds are meant, whether of tobacco or anything else. It was also suggested by Mr. Caldwell, that it was uncertain because it stated that the defendants were bound, &c., and there are no defendants until after plea or defence taken. The writ was against Philip and McCarthy Fitzhugh, to answer to Henry Alexander Ashton, in a plea that they render to him "one hundred three dollars, thirty-three one third cents, or thirty-one pounds of Virginia, which they owe and detain." The declaration was that H. A. Ashton complains of Philip Fitzhugh and McCarthy Fitzhugh, late of the district and county, aforesaid, yeomen, who were summoned to anwer in this behalf of a plea that the said defendants render the said plaintiff one hundred three dollars, thirty-three one third cents, or thirty-one pounds of Virginia, which they owe and detain; for that the defendants, on 20th March, 1797, at &c., by their certain writing obligatory of that date, sealed with their seals, and now here exhibited, promised to pay the plaintiff on or before the 25th of December thereafter, sixteen pounds ten shillings of Virginia, equivalent to fifty-five dollars, for the hire of negro Charles, with suitable clothing, victuals and taxes, to the payment whereof they bound themselves in the penal sum of thirty-one pounds of Virginia, equivalent to one hundred three dollars, thirty-three one third cents; and the plaintiff avers they did not pay the said sixteen pounds ten shillings, or fifty-five dollars, according to the tenor of the said writing, whereby action accrued to have the said penal sum; yet though often requested, the defendants have refused and still refuse to pay the said thirty-one pounds, or one hundred three dollars, thirty-three one third cents, to the damage of the plaintiffs five hundred dollars, wherefore they sue, &c.

Mr. Woodward, for plaintiff.
Mr. Caldwell, for defendants.

[1] [Reported by Hon. William Cranch, Chief Judge.]

THE COURT was of opinion that the declaration is too uncertain, but gave leave to amend on payment of costs of the term and a continuance if required by defendant.

ASHTON, (LYNCH v.) See Case No. 8,636.

## Case No. 584.

### ASHTON v. McKIM et al.

[4 Cranch, C. C. 19.] [1]

Circuit Court, District of Columbia. May Term, 1830.

SET-OFF — NEGOTIABLE INSTRUMENT — PAROL AGREEMENT TO ACCEPT SERVICES IN PAYMENT.

At the time of the complainant's giving the single bill, it was expected and understood by both parties, that the whole amount might be satisfied by the services of the complainant, and that such services, as far as they should be actually rendered, should be set off against the bill. Services, to an indefinite extent, the value of which was not ascertained, were admitted to have been performed; and it was not denied that the complainant was always ready and willing to perform all that should be required of him. Held, that the complainant had a right, under the original contract, to have the value of those services ascertained and set off against the bill. Injunction continued till final hearing.

In equity. Bill for an injunction to stay proceedings upon a judgment at law upon a single bill for $766.65 given by the complainant to J. & P. Turner, and by them assigned to the defendant McKim. Upon the coming in of the answers of the defendants,

Mr. Lear, for the defendants, moved to dissolve the injunction, and Mr. Tabbs, for the complainant, filed exceptions to the answer of the defendants J. & P. Turner.

THE COURT (nem. con.) overruled the exceptions; and as to the matter of equity in the bill,

CRANCH, Chief Judge, delivered the opinion of the court. The next questions are, 1st. Whether there is equity in the bill; and 2d. Whether the matter of that equity is denied by the answer. It is no equity that the complainant has an off-set at law to the defendants' action at law against him. Nor is it any matter of equity that the complainant has a claim for unliquidated damages, for breach of contract, against these defendants which could not be set off at law, unless it be accompanied by an allegation of the insolvency of these defendants, or some other impediment to the complainant's maintaining an action at law for such unliquidated damages; neither of which is averred in the bill. If there be any equity in the bill, it grows out of the true nature

[1] [Reported by Hon. William Cranch, Chief Judge.]