PLATO vs. ROE, impleaded, &c.

June Term,
1861.

PLATO
v.
ROE.

14 453
102 554

14 453
117 1333

Oral evidence is admissible to show that a deed absolute on its face, was in fact executed as a security for a loan of money.

Where a person who applies to borrow money is required, as a condition of obtaining it, to execute an absolute deed of land to the person furnishing the money, taking a bond for its reconveyance on the payment of a specified sum, and a lease of the land until the time fixed for such payment, the deed, bond and lease must be regarded as constituting a security for the repayment of the money, and the borrower has a right to redeem after default of payment at the appointed time.

If the grantor in such a case commence an action after default of payment, to turn the other party out of the land as a tenant holding over, the court should not grant the latter *unconditionally* a perpetual injunction against the prosecution of such action, but should, on his application for relief, ascertain the amount due and render judgment that upon his paying, within a specified time, that amount with costs, such injunction should be granted, but that otherwise his complaint should be dismissed.

APPEAL from the Circuit Court for *Jefferson* County.

This action was commenced in the circuit court for Rock county. The facts alleged in the complaint are as follows: On the 5th of March, 1859, the plaintiff negotiated a loan of the defendant *Roe*, of $200 payable in one year, with $50 interest, to be secured by a deed of certain real estate in the city of Janesville, upon the execution of which deed *Roe* was to execute a written agreement under seal, conditioned that if the plaintiff should pay him said sum of $250 when due, together with all sums which the defendant should pay as taxes or insurance on said premises, then *Roe* would reconvey all his interest in said premises to the plaintiff. The plaintiff accordingly executed to *Roe* a warranty deed for the land, absolute upon its face; and thereafter on the same day, *Roe* executed an agreement in writing, by which he promised to sell and convey the premises to the plaintiff, by a quit-claim deed, within one year from the date of the agreement, but not after that time, on payment to him of $255, together with such amounts as *Roe* might be required to pay for taxes or otherwise on account of such premises. The agreement contained the following provision: "It is distinctly understood and agreed that time is of the essence of this agreement, and if said *Roe* is not paid said $255, &c., this agree-

ment shall cease and be of no effect." After the deed and agreement were drawn up, but before the negotiation was completed and the money paid over to the plaintiff, the defendant proposed to give and the plaintiff consented to take from the defendant, a lease of said premises for one year, at a rent therein stated at $25, payable in advance, the plaintiff covenanting to deliver up the premises to *Roe* at the expiration of the term. On this lease was indorsed a receipt, as of the same day, for $25, being the rent of the premises for one year; but in fact no rent was charged or paid, but the sole consideration for the lease was the loan of said $200; and the deed, bond and lease were all parts of one transaction, and were designed merely as security for said sum of $200 and the interest thereon, the sum being stated in the agreement as $255 to cover the insurance of said premises for one year, which was to be paid by the defendant and refunded by the plaintiff. On the 2d of June, 1860, *Roe* commenced an action against the plaintiff as a tenant holding over contrary to the terms of the lease; and this action was pending when this suit was commenced. Prayer, that said deed, bond and lease be adjudged to be a mortgage to secure the payment of money; that the plaintiff's right to redeem under the same be declared; and that the defendants, their agents, &c., be perpetually enjoined from further prosecuting said action to recover possession of the premises from the plaintiff.

The circuit court granted a temporary injunction. The defendant answered denying most of the material allegations of the complaint. The venue was then changed to the circuit court for Jefferson county, where a motion to dismiss the cause on the ground that the complaint did not state facts sufficient to constitute a cause of action, was overruled. On the trial, which was by the court without a jury, the plaintiff, as a witness in his own behalf, was asked by his counsel, "Did you on the 5th of March, 1859, obtain from the defendant *Roe* a loan of money, and was the deed described in the complaint in this action given as security for its repayment; and if so, what was the agreement or understanding between you in regard to the same?" The defendant objec-

ted to the question, but the objection was overruled, and the witness answered the question at length. The testimony introduced by the parties need not be here stated. The court found the facts substantially as stated in the complaint; and as conclusions of law held, 1. That said deed, bond for a deed, and lease, all constituted a part of one agreement. 2. That said agreement should be construed to be, and was a mortgage of real estate to secure the payment of money. 3. That the plaintiff had an equity of redemption in the premises covered by such mortgage. 4. That the plaintiff was entitled to a judgment perpetually enjoining and restraining the defendants, &c., from further prosecuting the action commenced by the defendant Roe to recover possession of said premises by virtue of said lease.

The defendant Roe excepted to the finding of facts and the conclusions of law, and every part thereof.

Judgment for the plaintiff in accordance with the finding.

John Winans, for appellant:

If the bill is to be taken as a bill to redeem, it is defective in not containing any allegation of a tender, or any offer to pay the money which it admits to be due, nor anything to excuse such tender. 1 Hill. on Real Prop., 428, 484-5. If it is a bill to reform, it is defective because it does not show that there was any fraud, accident or mistake in the execution of any of the writings. 1 Story's Eq. Jur., §§ 153-6; Reed vs. Jones, 8 Wis., 392. Besides it is too late for a bill to reform. The plaintiff's only remedy is by a bill to redeem. Rogan vs. Walker, 1 Wis., 576-8. 2. There being no allegation of fraud, accident or mistake in the original transaction, nor of any subsequent fraudulent act or use of the deed, parol evidence was not admissible to show that the deed, though absolute on its face, was given as a security for a loan of money. Rogan vs. Walker, 1 Wis., 578-9; Rasdall's Adm'rs vs. Rasdall, 9 Wis., 379; Van Santvoord's Pl. (2d Ed.), 291-2. 3. The papers as executed show the transaction to have been a conditional sale. Rogan vs. Walker, 1 Wis., 570-2; 4 Kent's Comm., 144, note A; 8 Paige, 56, 243; 7 Cranch, 218; 17 Peters, 109; 5 McLean, 281; 2 Curtis C. C. R., 386; 12 How., 142. 4. Parol evidence

was not admissible to vary the terms of the lease.    5. If a man take a lease *of his own land*, he is concluded thereby.    1 Coke on Litt., sec. 58; 1 Hill. on R. P., 215.    Even if the deed were held to be a mortgage, therefore, the lease established the relation of landlord and tenant between the parties.    6. The court should at least have fixed a time within ·which the plaintiff should have paid the amount due the defendant *Roe*, or stood foreclosed.    1 Story's Eq. Jur., § 64, e, and § 301.

*Williams & Achilles*, for respondent:

This is not a bill to redeem; nor is it an action to reform on the ground of fraud, accident or mistake.    Its object is "not to create an equity of redemption, but to establish and perpetuate the evidence of its existence" (Justice SMITH in *Rogan vs. Walker*, 1 Wis., 576), as well as to restrain the defendant from perpetrating an attempted wrong upon the plaintiff.    If the granting of the relief asked, without requiring a tender of the amount due, would put the defendant to delay in the collection of his debt, and subject him to the burden of two actions, this is merely the penalty incurred by his own bad faith in attempting to pervert the transaction between the parties.    The court, in *Rogan vs. Walker*, did not mean to say that a bill to reform would, under no circumstances, be permitted after condition broken, but rather that the party may then, if he prefers, proceed merely by bill to redeem.    Parol evidence was properly admitted to show the real nature of the transaction.    *Rogan vs. Walker*, 1 Wis., 527, and cases there cited; 2 Sumner, 228; 9 Wend., 227; 14 id., 63; 1 Paige, 48; 5 id., 9; 4 Johns. Ch. R., 167; 7 id., 4; 2 Cow., 324; 13 Vt., 341; 6 Watts, 126; 2 W. & M., 168; 7 Dana, 296; 15 Conn., 573; 10 Yerg., 375; 3 Hawks, 423; 2 Dev. Eq., 75; 1 Porter, 328; 4 Barr, 178; 6 Humph., 99; 1 Johns. Ch. R., 594; 1 Paige, 202; 8 Wend., 642; 2 Story's Equity Jur., § 1035; 4 Kent's Comm., 136.

*By the Court*, PAINE, J.    We agree entirely with the finding of the court below upon the facts in this case, and also with its first, second and third conclusions of law.    It was

claimed by the appellant, that parol evidence was inadmissible to show a deed absolute on its face to be a mortgage, and reliance was placed upon the remarks of this court in *Rasdall's Adm'rs vs. Rasdall*, 9 Wis., 392, as sustaining that position. In that case it was intimated that the rule admitting such evidence, where there was no allegation of fraud, accident or mistake in the execution of the papers, could not be sustained upon principle, and we declined to adopt it in respect to a deed absolute on its face, which was sought to be shown by parol to be a trust deed. But whatever our opinion may be as to the correctness of the rule referred to upon principle, we think it has been too long established and too generally recognized, to justify us in now departing from it. Wherever a series of decisions have established a rule of law, which becomes a rule of property, and upon the faith of which business transactions may fairly be assumed to have been conducted, courts ought not to change such rule, though they may believe it to have been established upon incorrect reasoning. If a change is to be made it should be done by the legislature, so that it may only affect subsequent transactions. The court below was right therefore in admitting the parol evidence explaining the nature of the transaction between these parties. And this evidence being admissible, it seems clear that the transaction was intended as a loan of money, and that the absolute form of the conveyance, together with the lease, were shifts by which the lender sought to cut off the equity of redemption and save himself the expense of a foreclosure. These forms were obviously imposed by the lender upon the borrower from the necessities of his condition. Even the authorities relied on by the appellant's counsel to show this to have been a conditional sale, recognize the rule that where such is the case, equity will hold it to be a mortgage and allow a redemption. The facts here differ entirely from those in *Conway's Ex'rs vs. Alexander*, 7 Cranch, 218, and other similar cases relied on by the appellant. There the court said there "was not a syllable in the cause intimating a proposition to borrow money or to mortgage property." But here the defendant's own evidence shows that he was applied to for a loan, and

that the plaintiff desired to mortgage the property, and that the transaction assumed the present form at his dictation. And it cannot be necessary to refer to authorities to show that where the conveyance is in reality a mortgage, the lender cannot, by any ingenious devices, or provisions inserted in the agreement, cut off the equity of redemption.

But we cannot agree with the fourth conclusion of law found by the court below, which gives the plaintiff the injunction prayed for unconditionally. On the contrary, we think it a case for the maxim that he who seeks equity must do equity. We do not think the plaintiff should be allowed to come into court merely to have his abstract right of redemption adjudged, without offering to exercise that right. It is true that if an ordinary mortgage had been given, the mortgagee could not have maintained ejectment. Still, if the mortgagor sees fit to execute the papers in such manner as to authorize the mortgagee to obtain possession at law, as was done here, we can see no reason why a court of equity should interfere in his behalf, except upon the usual terms of compelling him to do equity, and pay the amount really due on the mortgage, together with costs. As this will involve the necessity of a reference, we shall reverse the judgment, with costs, and remand the cause with directions to ascertain the amount due, and then to enter judgment for the plaintiff, provided he pays the amount due, with costs, within a time to be specified by the court, and otherwise that the complaint be dismissed.

The judgment is reversed, and the cause remanded accordingly.