## P. H. McNamara v. L. M. Culver.

1. Two Contracts, *When a Mortgage; Conditional Sale.* An absolute conveyance and a separate agreement to reconvey, though executed simultaneously and as parts of one transaction, may or may not constitute a mortgage, and equity is not concluded by the form, but will have regard to the actual facts. The test is the existence or non-existence of a debt. If after the transaction no debt remains, there is no mortgage, but only a conditional sale.

2. ———— *Competent Evidence.* In such a case, evidence of the situation of the parties, the circumstances of the transaction, and of any independent parol agreement, is competent.

3. Forcible Entry, etc.; *Practice.* Where an action of forcible entry and detainer is upon plea of title certified to the district court, it is not changed to an action for the recovery of real property, and a second trial is not a matter of right.

*Error from Atchison District Court.*

Action brought by *Culver* against *McNamara* for forcible detainer, the plaintiff alleging in his complaint the wrongful detention by the defendant of lot 5, in block 11, in the city of Atchison, and claiming ownership, etc. The defendant made a duly verified answer to the complaint, denying the plaintiff's ownership and right to the possession of the premises, and setting up that he was the legal and equitable owner of the same, and that the premises then were, and that the same had been for more than eight years last past, the homestead of the defendant and his family; and further stating

that the plaintiff's sole right in the premises was that of a mortgagee, and setting up the facts in relation to the execution of a deed by the defendant to the plaintiff, and of a defeasance by the plaintiff to the defendant at the same time as a part of the same transaction, and stating that the defense was *bona fide*, etc. To this answer the plaintiff filed a general denial under oath. The justice found that the title to the real estate was in dispute, and upon motion certified the proceedings to the district court. Trial at the November Term, 1878, when a jury being waived by the parties, the case was then tried by the court, which made special findings of·fact, and as a conclusion of law therefrom found that the plaintiff was entitled to a judgment against the defendant, dispossessing the defendant from said premises, and that the plaintiff was entitled to a writ of restitution therefor, directed to the sheriff, and commanding him to put the plaintiff in possession of the premises aforesaid, etc. The court denied a new trial, refused a second trial, and gave judgment against *McNamara,* who brings the case to this court.

*S. H. Glenn,* for plaintiff in error:

"At law an absolute deed and a separate defeasance or agreement to reconvey, executed at the same time, amount to a mortgage." Jones on Mortgages, 244; 38 Mo. 349; 47 Mo. 543; 18 Iowa, 576; 11 Minn. 22; 32 Ill. 475; 14 Wis. 453; 6 Watts (Pa.), 405; 55 Pa. St. 311.

"A deed with a bond or agreement to reconvey the estate upon payment of a certain sum of money, or upon the performance of some other condition, has always been held to constitute a legal mortgage, if the instruments are of the same date, or are executed and delivered at the same time and as one transaction." (Jones on Mortgages, vol. 1, § 244; 2 Mass. 493; 5 Mass. 109; 13 Mass. 308; 7 Pick. 157; 18 Pick. 299.)

If it were a matter of doubt whether it was a sale or a mortgage, then in all doubtful cases the law will construe the contract to be a mortgage rather than a sale. (33 Cal.

326; 7 Cranch, 218.) But we think there cannot be any well-grounded doubt about this transaction being a mortgage.

It being established by the plaintiff's evidence, and found by the court, that the deed and contract to reconvey were each a part of the same transaction, the two instruments taken together and being reduced to writing at the time, must be presumed to embody the *entire* contract between the parties at the time, and must be received and considered as the entire contract of the parties at the time, and no parol evidence can be permitted to vary or affect the legal effect of this contract as the parties made it. It may have been, and doubtless was, quite proper for the court to permit evidence to show the situation and circumstances of the parties at the time of making the contract, in order to more certainly ascertain the intent of the parties, and give effect to such intent. To this no objection may be taken; but to admit parol evidence of a parol contract or agreement alleged to have been made coördinate with the written agreement, tending to and intended to vary, contradict, modify or change the written agreement, or to change or modify the legal effect of the written agreement, is clearly against the law of practice in the courts. Yet this is just what the court did admit on behalf of the plaintiff, against the objections of the defendant, upon the trial of this case. The plaintiff having testified that the deed and contract to reconvey were executed at the same time, and were each a part of the same transaction, and having given said deed and contract in evidence on the trial, was then asked to state, " What was the *understanding* between him (plaintiff) and defendant at the time the deed and contract were executed?" The objections made to this were overruled by the court, and excepted to. This was clearly attempting to prove an alleged parol agreement made at the same time, and make it part of the *written agreement*, and intended to vary the effect of the written agreement. If this was not the intent, then to what purpose was the question?

But there is another branch of this case. Section 2, ch.

88, Laws 1870, amending § 7, ch. 81, Gen. Stat. of 1868, provides that if in an action commenced before a justice the title to land is in dispute, etc., the case shall be certified to the district court, etc., "and said case shall be docketed and thereafter proceeded with in the district court *as if originally commenced therein.*" This case was so transmitted to the district court, and was proceeded with, "as if originally commenced therein." Art. 13, ch. 81, Gen. Stat. of 1868, for proceedings in *forcible detainer*, applies only to proceedings before a justice of the peace, and does not apply to the district court. The corresponding action in the district court is the action of *ejectment*, under the provisions of art. 24, ch. 80, of the civil code, commencing with § 594. If the plaintiff had originally commenced his action in the district court for *possession* of the premises, he must have begun under the provisions of this article.

The allegations in the complaint are substantially the same as the plaintiff would have made in a petition under art. 24, ch. 80, of the code, if he had originally commenced his action in the district court. The court tried the case upon this theory; tried it as an action for the recovery of real property; tried it to determine which of the contestants in the suit had the better title to the premises in controversy, and which was entitled to the possession. The claim of right to possession was based *solely* on the claim of title, and upon the determination of the title did the right to possession depend, just as any action in ejectment brought in the district court. In short, the trial, the proceedings, the findings of fact, the conclusion of law and the judgment of the court were and are the same (as the statute contemplates) as if the plaintiff had originally commenced his action in the district court for the recovery of the real property, under the provisions of art. 24, ch. 80, of the code. This is what is intended by the provisions of § 7, ch. 81, Gen. Stat. of 1868, as amended by § 2, ch. 88, Laws of 1870, when it says: "And said case shall be docketed and thereafter proceeded with in the district court as if originally commenced therein." If this is not the

meaning and intent of this provision of the statute, we are utterly at a loss to know what it does mean, or to what purpose it was incorporated in the statute. If it is the meaning, then § 599 of said art. 24, ch. 80, of the code, was applicable to the case. And the judgment and findings should have been vacated, and the action should have stood for trial at the next term of the court.

*Smith & Solomon,* for defendant in error:

There can be no question that where a conveyance is made in payment of a preëxisting debt, though the grantee may execute and deliver contemporaneously an agreement to reconvey on the payment of a sum certain by a certain time, this will not constitute a mortgage. 47 Barb. 220; 28 Ala. 226; 7 Conn. 143; 4 Denio, 493; 19 Wend. 518; 5 Daily (N. Y.), 40; 27 Mo. 113; 32 Pa. St. 250.

The following general proposition is the settled law on the subject: "A conveyance in satisfaction of a prior debt, though accompanied by a clause of redemption, is not a mortgage, but a sale with the right of repurchase." (2 Edw. Ch. 138; 6 Paige, 480; 12 Ala. 678; 4 Kent Com., p. 157, note *d;* 2 Barb. 28; 1 Paige, 48; 7 Cranch, 237; 14 Pick. 467; 1 Jones on Mort., §§ 265, 267; 62 Mo. 202; 44 Mo. 429; 42 Cal. 169–172; 32 Md. 185.)

The rule applicable to the case at bar is clearly laid down in 4 Kent's Commentaries, at page 144, note:

"The test of the distinction is this—if the relation of debtor and creditor remains, and a debt still subsists, it is a mortgage; but if the debt is extinguished by the agreement of the parties, . . . and the grantor has the privilege of refunding if he pleases, in a given time, and thereby entitle him to a reconveyance, it is a conditional sale."

The plaintiff in error complains that the court looked into the facts and circumstances outside of the written agreement, to ascertain the intention of the parties. This was proper. (44 Ill. 103; 27 Mo. 113; 18 Ill. 101; 28 Ohio St. 371; 1 Jones on Mort., § 261; 18 Ark. 34; 29 Ala. 254;

15 Conn. 573; 2 Cow. 324; 4 Johns. Ch. 167; 13 Vt. 341; 6 Humph. 99; 14 Wis. 457; 35 Vt. 125.)

Counsel for the plaintiff in error claims that under the existing law the district court could have no jurisdiction of an action in forcible detention. In this case plaintiff in error ousted the jurisdiction of the justice by his sworn answer, and he now attempts to oust the jurisdiction of the district court. This is a strange position. (10 Kas. 67.) The district court unquestionably had jurisdiction. The justice's court has original jurisdiction in such cases, but not *original exclusive* jurisdiction. (Laws 1870, ch. 88, § 1.)

The forcible-entry-and-detainer act recognizes the fact of jurisdiction resting in the district court in such cases. Sec. 160, ch. 81, reads as follows:

"Judgments, either before a justice *or in the district court, in actions brought under this article,* shall not be a bar to any after action brought by either party."

In ejectment a judgment in favor of either party is a bar. The plaintiff in error filed a motion for a second trial. He calls it a motion for a new trial. The notice was not "entered on the journal." This is required by Gen. Stat., ch. 80, § 599; 14 Kas. 212. It seems to us ridiculous that every action brought before a justice which shall be certified to the district court because the title or boundary of land is brought in question, should thereby become an action of ejectment.

The action of forcible detention is made applicable to those cases where the defendant is "a settler or occupier of land without color of title." (Gen. Stat., ch. 81, § 159.) And also, "as against those who, having a lawful and peaceable entry into lands or tenements, unlawfully and by force hold the same;" (Gen. Stat., ch. 81, § 159.) Now in this case the plaintiff in error, after the 23d of August, 1878, was an occupier of the premises without color of title, and claimed no interest in the property or right of possession, but bargained with Culver in regard to the rent, and said he would get out as soon as he could get a house to move into. (3 Washb. on Real Property, pp. 124,

125.)  This was an action brought to recover the possession of real property under the forcible-entry-and-detainer act.    It was so considered by the trial court.   It is not at all unusual in cases brought under the forcible-detention act, for controversies to be raised as to the title of the property, and our statute has therefore made provision for the transfer of such cases to the district court, where they are to be tried the same as if they (the forcible entry and detention cases) had been originally brought in that court, and in all cases brought under art. 13, ch. 81, Gen. Stat., if the plaintiff was not in possession or was not exercising acts of ownership over the premises, then he must, in order to recover, show a complete title by deed, and is not bound to bring an action in ejectment. (Swan and Plumb's Treatise, 1st ed., p. 381.)

The opinion of the court was delivered by

BREWER, J.: This was an action of forcible detainer, tried by the court without a jury.  Special findings of fact were made, and judgment entered in favor of the plaintiff.   As only a portion of the testimony is preserved, we must look to the findings to see whether they support the judgment. And upon them the question is, whether the deed and an agreement to reconvey, which were executed by the parties, constituted simply a mortgage.   It appears that Culver held a mortgage past due, and commenced suit in foreclosure. While this action was pending, the parties agreed to a settlement, and McNamara and wife agreed to give Culver an absolute deed to the premises in payment and satisfaction of all indebtedness and costs, and Culver agreed that McNamara might occupy the premises rent free for six months.   Upon this, McNamara and wife executed a general warranty deed, and at the same time, and as part of the same transaction, Culver executed to McNamara an agreement to convey the premises on payment of $203, that being the consideration of the deed, within six months.   Whereupon the action was dismissed, and the costs were paid by Culver.

The conclusion of the district court was that the transac-

tions between the parties did not create a mortgage. In support of the claim that these instruments make simply a mortgage, is the fact that they were executed at the same time and as parts of the same transaction, and also the finding that the value of the premises was between four and five hundred dollars. Against it, the finding that the conveyance was in payment and satisfaction of all indebtedness, is the fact that the agreement to convey did not recite any sale, or attempt to cast any obligation upon McNamara, but was simply an agreement to convey upon the payment, within six months, of $203, and the further fact that when the six months in which McNamara, by the agreement, was to have the occupancy rent free expired, he at first made no claim of any right to remain longer, talked about moving out, but said he could not just then get a house, and made no objection or assertion of adverse right while Culver was expending some $270 in repairs of the premises. Now that a deed and an agreement to reconvey, though separate instruments, may

1. Two contracts, when a mortgage; conditional sale. operate as simply a mortgage, is clear, and that they do not necessarily create one is equally clear. The test is the existence or non-existence of a debt. And equity looks behind the form to the fact. If the transaction was intended as a loan, if there remains a debt for which the conveyance is only a security, and the collection of which may be enforced independent of the security, equity will hold it a mortgage, no matter whether the transaction is evidenced by one or two instruments. But if there be no debt, there can be no security — no mortgage. In 1 Jones on Mortgages, § 265, it is said that "a debt, either pre-existing or created at the time, is an essential requisite of a mortgage." In *Glover v. Payn*, 19 Wend. 518, Bronson, J., says: "Where there is no debt and no loan, it is impossible to say that an agreement to resell will change an absolute deed into a mortgage."

The rule is clearly laid down in 4 Kent's Commentaries, at page 144, note:

"The test of distinction is this: If the relation of debtor

and creditor remains, and a debt still subsists, it is a mortgage; but if the debt is extinguished by the agreement of the parties, . . . and the grantor has the privilege of refunding, if he pleases, in a given time, and thereby entitle him to a reconveyance, it is a conditional sale."

In *Saxton v. Hitchcock,,* 47 Barb. 227, the court says :

"The conveyance does not appear to have been made to secure a debt, but in payment of it. It was a sale of the premises, with an agreement to resell upon certain terms and conditions. The liability of the defendant, the grantor, was discharged, and the relation of debtor and creditor did not exist, as by this sale the debt was extinguished, within the rule cited."

And again, in 1 Jones on Mortgages, § 264, the author declares that "the rights of the parties to the conveyance must be reciprocal. If the transaction be in the nature of a mortgage, so that the grantor may insist upon a reconveyance, the grantee at the same time may insist on repayment; but if it be a conditional sale, so that the grantor need not repurchase except at his option, the grantee cannot insist upon repayment." See further, *Robinson v. Cropsey,* 2 Edw. Ch. 138; 6 Paige 480; *McKinstry v. Conly,* 12 Ala. 678; *Conway's Ex'r v. Alexander,* 7 Cranch, 218; *Flagg v. Mann,* 14 Pick. 467; *O'Niell v. Capelle,* 62 Mo. 202; *Turner v. Kerr,* 44 Mo. 429; *Farmer v. Grose,* 42 Cal. 169; *Slutz v. Desenberg,* 28 Ohio St. 371; *Plato v. Roe,* 14 Wis. 457; *Hughes v. Davis,* 40 Cal. 117.

Now in the case at bar, the finding of the court is that the deed was given in payment and satisfaction of the prior indebtedness. It was not therefore security, but payment. There ceased to be any debt. And nowhere in the findings is there anything to show the creation of any new debt. The agreement to resell does not recite a sale or show a debt. Upon the facts as found, Culver could never have collected a cent from McNamara. There was therefore no mortgage, and the conclusion of the district court was correct.

Again, it is objected that the court permitted evidence of matters outside the written agreements to explain the intent and understanding of the parties thereto. Now whatever

criticism may be made upon the form of the question, we think the testimony which was admitted was proper testimony. Evidence of the situation of the parties, the circumstances surrounding the transaction, and of independent

**2. Competent evidence.** parol agreements not conflicting with the terms of the written instruments, was competent, and we do not see that any other material testimony was received. (*Babcock v. Deford,* 14 Kas. 408; *Weeks v. Medler,* 20 Kas. 57; *Pitts v. Cable,* 44 Ill. 103; *Slutz v. Desenberg,* 28 Ohio St. 371; *Parish v. Gates,* 29 Ala. 254; *Plato v. Roe,* 14 Wis. 457; *Rich v. Doane,* 35 Vt. 125; 1 Jones on Mortgages, § 261; *Baugher v. Merryman,* 32 Md. 185; *Conway's Ex'r v. Alexander,* 7 Cranch, 218.)

A final objection is, that the defendant was refused a second trial, as is authorized in actions for the recovery of real property. The action was one of forcible detainer, commenced before a justice of the peace. In this action a sworn answer setting up title was filed, and thereupon the justice certified the case to the district court, where it was tried. The argument of counsel is in substance, that as the article in the general statutes providing for proceedings in forcible entry and detainer applies only to the justices', and not to district courts, and as the provision for certifying cases to the district court declares that the case so docketed shall be proceeded with in the district court as if originally commenced therein, it must proceed as an action for the recovery of real property, in which action two trials are a matter of right. We cannot

**3. Forcible detainer; practice.** agree with counsel. The action of forcible detainer is different from the action of ejectment, or for the recovery of real property, as it is styled in the code. Evidence sustaining the latter will not necessarily sustain the former. More facts are required in the one than in the other. Now the district court is one of general original jurisdiction. A provision for certifying the case from the justice to the district court, changes the forum, but does not change the action. The same proof must be made in the latter as would have been required in the former

court, and the same relief may be obtained. If it were not so, an unscrupulous tenant might hold possession in defiance of his landlord, and without giving any security, for many months. We do not so understand the statute.

Upon the whole record we see no error, and the judgment will be affirmed.

All the Justices concurring.