## T. B. BARNES v. S. M. CROCKETT.
### No. 172.

CONVEYANCE—*Proof that Deed was Executed as a Mortgage.* It may be shown by evidence independent of the instrument itself that a deed of conveyance absolute on its face was, by the mutual understanding and agreement of the parties thereto, executed as a mortgage, for security merely, and it may be foreclosed as such.

MEMORANDUM.— Error from Shawnee circuit court ; J. B. JOHNSON, judge.   Action by Phillip Zimmerman against T. B. Barnes and others to foreclose a mortgage.   Defendant S. M. Crockett filed a cross-petition. Judgment for defendant Crockett.   Defendant Barnes brings the case to this court.   Affirmed.   The opinion herein, filed December 3, 1896, states the material facts.

*Jetmore & Jetmore*, for plaintiff in error.

*Chas. F. Spencer*, for defendant in error.

The opinion of the court was delivered by

GARVER, J. :· In an action brought in ʼthe circuit court of Shawnee county to foreclose a mortgage on certain property in the city of Topeka, the plaintiff in error, T. B. Barnes, and the defendant in error, S. M. Crokett, were made parties defendant.   On a cross-

petition filed therein, Crockett sought to foreclose, as a mortgage, a deed of conveyance executed by Barnes to him on property included in the plaintiff's mortgage, alleging that said deed was executed as and for a mortgage to secure the payment of certain indebtedness by Barnes to Crockett. Upon the trial of the case, it was admitted that, at the time said deed was executed, Barnes was indebted in the sum alleged, and that it was the intention of said parties to secure the same by said conveyance. But, on the part of Barnes, it was claimed that if such indebtedness was not paid within a year said deed was to be held and taken as an absolute and unconditional conveyance to Crockett. The main question for the determination of the court was whether the deed was intended by the parties to have only the effect of a mortgage, and whether it should be foreclosed as such. The case was tried by the court without a jury, and a general finding made in favor of the defendant in error. A further finding of the court, as it appears in the journal entry, was as follows:

"The court does further find, that the deed set out in the answer of the defendant S. M. Crockett was given as and for security of an existing indebtedness of $516 due from the defendant T. B. Barnes to the defendant S. M. Crockett, and that there is now due from the defendant T. B. Barnes to the defendant S. M. Crockett the sum of $608, and that said amount is a lien on said premises, subject to the lien of the plaintiff herein."

On such finding a personal money judgment was rendered against Barnes in favor of Crockett, and the premises ordered to be sold for the satisfaction thereof. The plaintiff in error assigns error upon such finding and judgment.

It is well established that a deed absolute upon its

face may be shown to have been intended as a mortgage for the security of a debt. And when it appears by direct evidence or from the facts and circumstances of the transaction that such was the mutual understanding and agreement of the parties, the court will give to such instrument the effect intended. (*McNamara v. Culver*, 22 Kan. 661; *Bennett v. Wolverton*, 24 id. 284; *McDonald v. Kellogg*, 30 id. 170; *Reeder v. Gorsuch*, 55 id. 553.) The case was tried in the court below upon oral and other evidence, which was to some extent conflicting. The main facts upon which the decision turned were however undisputed, it being admitted by the plaintiff in errror, the grantor, that the deed was executed in the first instance for the purpose of security only. The principal controversy at the trial was as to the understanding and agreement of the parties with reference to the effect which should be given to the deed at the expiration of a year. The complaint now made is that the trial court erred in its conclusions from the evidence. We think there was sufficient competent evidence to sustain the decision, and under the established rule of this court the judgment of a trial court will not under such circumstances be disturbed.

The judgment will be affirmed.

All the Judges concurring.