## T. B. BARNES v. S. M. CROCKETT.
### No. 172.

DEED INTENDED AS MORTGAGE— *may be shown to be such and foreclosed.* It may be shown by evidence *aliunde* the instrument itself that a deed of conveyance, absolute on its face, was, by the mutual understanding and agreement of the parties thereto, executed as a mortgage for security merely ; and it may be foreclosed as such.

Error from Shawnee Circuit Court. Hon. J. B. Johnson, Judge. Opinion filed December 3, 1896. *Affirmed.*

*Jetmore & Jetmore,* for plaintiff in error.

*C. F. Spencer,* for defendant in error.

GARVER, J. In an action brought in the Circuit Court of Shawnee County to foreclose a mortgage on certain property in the city of Topeka, the plaintiff in error, T. B. Barnes, and the defendant in error, S. M. Crockett, were made parties defendant. On a cross-petition filed therein, Crockett sought to foreclose, as a mortgage, a deed of conveyance executed by Barnes to him on property included in the plaintiff's mortgage, alleging that said deed was executed as and for a mortgage to secure the payment of a certain indebtedness by Barnes to Crockett. Upon the trial of the case it was admitted that, at the time said deed was executed, Barnes was indebted in the sum alleged, and that it was the intention of said parties to secure the same by said conveyance. But on the part of Barnes it was claimed that, if such indebtedness was not paid within a year, said deed was to be held and taken as an absolute and unconditional conveyance to Crockett.

The main question for the determination of the

court was whether the deed was intended by the parties to have only the effect of a mortgage, and whether it should be foreclosed as such. The case was tried by the court without a jury, and a general finding made in favor of the defendant in error. A further finding of the court appears in the journal entry, as follows :

"The court does further find that the deed set out in the answer of the defendant S. M. Crockett was given as and for security of an existing indebtedness of $516, due from the defendant T. B. Barnes to the defendant S. M. Crockett, and that there is now due from the defendant T. B. Barnes to the defendant S. M. Crockett the sum of $608, and that said amount is a lien on said premises subject to the lien of the plaintiff herein."

On such finding, a personal money judgment was rendered against Barnes in favor of Crockett, and the premises were ordered to be sold for the satisfaction thereof. The plaintiff in error assigns error upon such finding and judgment.

It is well established that a deed, absolute on its face, may be shown to have been intended as a mortgage for the security of a debt. And when it appears, by direct evidence or from the facts and circumstances of the transaction, that such was the mutual understanding and agreement of the parties, the court will give to such instrument the effect intended. *McNamara v. Culver*, 22 Kan. 661 ; *Bennett v. Wolverton*, 24 id. 284 ; *McDonald & Co. v. Kellogg*, 30 id. 170 ; *Reeder v. Gorsuch*, 55 id. 553.

The case was tried in the court below upon oral and other evidence which was to some extent conflicting. The main facts upon which the decision turned were, however, undisputed ; it being admitted by the plaintiff in error, the grantor, that the deed was exe-

cuted, in the first instance, for the purpose of security only. The principal controversy at the trial was as to the understanding and agreement of the parties with reference to the effect which should be given to the deed at the expiration of a year. The complaint now made is that the trial court erred in its conclusions from the evidence. We think there was sufficient competent evidence to sustain the decision, and, under the established rule of this court, the judgment of a trial court will not, under such circumstances, be disturbed.

The judgment will be affirmed.