No. 33,779

J. C. McGILL and THELMA McGILL, *Appellants*, v. THE NATIONAL BANK OF TOPEKA, *Appellee*.

(77 P. 2d 944)

Opinion filed April 9, 1938.

*Clyde P. Cowgill, John L. Hunt, Margaret McGurnaghan, John H. Hunt* and *George M. Brewster,* all of Topeka, for the appellants.

*Thomas F. Doran, Clayton E. Kline, M. F. Cosgrove, Balfour S. Jeffrey, Robert E. Russell* and *H. Lloyd Ericsson,* all of Topeka, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action, brought in February, 1937, to have a certain deed and contract to reconvey adjudged to be a mortgage, and for appropriate relief. The trial court sustained a demurrer to plaintiffs' evidence, and they have appealed.

Aside from testimony tending to show the real property in controversy was of the value of $1,500, as a tract, or of the value of $1,800 to $3,000 if sold as lots, the other facts were stipulated, and these may be summarized as follows: In April, 1930, plaintiffs were the owners of the real property in controversy, which consisted of a designated portion of a certain addition to Topeka. Its area was such that it could be, or had been, divided into six lots, each fifty feet wide. Plaintiffs owed a building and loan association $592.78, secured by a mortgage on the property, and also owed the

Karlan Furniture Company $212.84. They went to the defendant bank to arrange to get the money to pay those items, and transacted their business with Mr. John E. Kirk, vice-president and trust officer of defendant. At his direction, and as a result of their talk, two instruments were drawn and executed. One was a general warranty deed from plaintiffs to defendant for the real property, which was duly recorded. The other instrument reads as follows:

OPTION

"Know all men by these presents, That J. C. McGill, of Pretty Prairie, Kan., party of the first part, in consideration of the payment to him of eight hundred five and 62/100 dollars, has this day sold and delivered to the National Bank of Topeka, Topeka, Kan., a general warranty deed conveying the following-described property, to wit:

"Lot number eight (8), block number five (5), College Hill addition, located on a part of the southeast quarter (SE ¼) of section number two (2), township number twelve (12), south, range fifteen (15), east of the sixth P. M., Shawnee county, Kansas.

"In consideration of said sale the National Bank of Topeka, Topeka, Kan., does hereby give unto the said J. C. McGill the option to repurchase said property within four years from this date upon the said J. C. McGill making the payments hereinafter to be made and complying strictly with the terms of this contract.

"First. The said J. C. McGill hereby covenants and agrees that he will pay the sum of two hundred dollars ($200), together with six percent (6%) interest from April 1, 1930, to date of payment, payment to be made on or before April 1, 1932.

"Second. The said J. C. McGill hereby covenants and agrees that he will pay the balance of six hundred five and 62/100 dollars, together with six percent (6%) interest from April 1, 1930, to date of payment, on or before April 1, 1934.

"Third. The National Bank of Topeka on its part hereby covenants and agrees that when said J. C. McGill has made the payments as the same become due and payable that it will reconvey said property hereinbefore described.

"Fourth. The said J. C. McGill hereby agrees to pay the taxes on said property each and every year during the term of this option agreement.

"Fifth. Upon default in any of the payments due under this contract for a period of sixty (60) days after due date this option shall become void and the National Bank of Topeka shall not be required at any future date to reconvey said property.

"In witness whereof the parties have hereunto subscribed their names this 30th day of April, 1930.
J. C. McGill.
Thelma McGill.
National Bank of Topeka,
By John E. Kirk,
Vice Pres. & Tr. Officer."

Upon the execution of these instruments, at the direction of plaintiffs, defendant paid the sums due the building and loan association and the furniture company. Thereafter plaintiffs paid defendant $24, April 14, 1931; $26.25, June 22, 1931; and $10, March 16, 1932. On December 27, 1933, defendant conveyed one of the lots to Ralph D. Combest for $300 and on August 6, 1935, conveyed another lot to Combest for $300, and on August 6, 1935, conveyed another one of the lots to Combest for $400.

It was stipulated that at the time these instruments were made, in 1930, defendant charged up $805.62 to the account of the A. C. Karlan trust estate, and that the money which plaintiffs later paid the bank, and which it received for the sale of lots, was credited to that account, but that plaintiffs were not informed of those facts. They had no dealings with the A. C. Karlan trust estate.

As was well said in *McNamara v. Culver*, 22 Kan. 661, 668:

"Now that a deed and an agreement to reconvey, though separate instruments, may operate as simply a mortgage, is clear, and that they do not necessarily create one is equally clear, the test is the existence or nonexistence of a debt. And equity looks behind the form to the fact. If the transaction was intended as a loan, if there remains a debt for which the conveyance is only a security, and the collection of which may be enforced independent of the security, equity will hold it a mortgage, no matter whether the transaction is evidenced by one or two instruments."

There are many other cases to the same effect. (See *Calhoun v. Anderson*, 78 Kan. 746, 98 Pac. 274, and *Handrub v. Griffin*, 127 Kan. 732, syl. ¶ 4, 275 Pac. 196, and cases cited, p. 740.) See, also, authorities collected in the annotation in 79 A. L. R. 937, 941.

In this case, whether a debt existed depends almost entirely upon the construction to be given to the instrument executed by the parties and denominated "option." The trial court was of the opinion that plaintiffs, by this instrument, did not obligate themselves to pay defendant any specific sum at any definite time. We cannot agree with that construction. The paragraph designated first in the instrument contains a definite agreement on the part of J. C. McGill to pay $200, with six percent interest, by a date named, and the next paragraph contains a similar definite agreement to pay $605.62, with interest by a date named. We see nothing in the instrument to have prevented defendant from suing on these covenants.

In addition to that, the record indicates that the deed to the

bank was not made for any indebtedness plaintiffs owed to the bank. It was made to obtain money to enable plaintiffs to pay debts owed to other parties. The statutes under which the defendant bank was incorporated and does business do not permit it to buy real property other than that needed in its banking business, or in payments of debts due the bank. (12 U. S. C. A. § 29.) It is not contended it purchased this property for any of those purposes, and it will not be presumed the bank intended to transact the business in a manner in violation of the statutes. We give weight to this fact as a matter of law in determining the intent of the parties. Defendant contends we should not do so because of the fact that it handled the matter through the A. C. Karlan trust estate. That fact was unknown to plaintiffs. They dealt with defendant alone. How it handled the matter, unknown to them, does not affect their rights.

Defendant argues plaintiffs are barred by their laches. Lapse of time alone does not create laches which will defeat an action unless there has been some change in the condition or relation of the property or the parties which would prejudice the rights of the adverse party. (*Spradling v. Hawk*, 133 Kan. 545, 1 P. 2d 268.) Here there has been no change of that character. Defendant paid out $805.62 and has received payments from plaintiffs, and from the sale of the three lots, of $1,060.25. Three of the lots remain. Since the contract to reconvey was not recorded, this action should not be permitted to affect the title to the lots conveyed by defendant to Combest. There was no evidence as to which of the parties was in the actual possession of the property when this action was brought, or when it was tried. It appears to be unimproved lots. Neither was there any evidence as to who has paid the taxes on the property since the deeds and the contract were made.

Upon the record before us, there should be a computation of the balance, if any, due defendant in view of the money it has paid out and the amount received, and an appropriate decree should be entered.

The judgment of the court below is reversed, with directions to proceed in harmony with this opinion.