## OTT vs. RAPE and another.

*Waiver of rights under sheriff's sale.*

Where the purchaser at a sheriff's sale of land accepts part of the purchase-money, he waives his right to enforce a forfeiture of the equity of redemption, according to the terms of the certificate of sale, and converts the certificate, and his interest in the land under it, into a mere security for the balance of the purchase-money.

APPEAL from the Circuit Court for *Dane* County.

Ejectment, against *Rape* and *Gilbert*. *Gilbert* alone answered. The facts, as found by the court, were substantially as follows: In April, 1865, *Ott*, having a judgment against *Rape* for about $66, had the land here in

dispute, which then belonged to *Rape*, sold under an
execution upon said judgment, and himself bid it off for
the amount of the execution debt, and received the
usual certificate of sale.   At this time *Rape* was absent
from the state, and after his return, viz., in April, 1866,
without any knowledge that the land had been so sold,
he paid *Ott* $40 in part satisfaction of said judgment,
and took from him a receipt, which stated that said
sum was "received on account of sheriff's certificate in
favor of *George V. Ott*," meaning said certificate of sale.
Afterward, in 1867, *Ott* applied for and received a sher-
iff's deed upon said certificate ;   which deed was the
only foundation of his claim in this action.   *Gilbert*, in
May, 1867, purchased the land of *Rape* (who was then
iu possession), for a full and valuable consideration.   In
September following, this action was commenced against
*Rape* alone ; *Gilbert* was afterward permitted to come in
and defend ; and afterward, in December, 1867, he tend-
ered to *Ott* $76, being the amount due him on the cer-
tificate, with interest at ten per cent from the day of
sale ; and also offered to pay the costs of this action up
to that time, and the expense of executing a quit-claim
deed, which he demanded of *Ott*.   On these facts, the
court held that, at the time such tender was made, *Ott*
had only a lien upon the premises for $76 ; that he was
entitled to recover of defendants the costs of this action
up to the time of such tender ; that *Gilbert* was entitled
to recover of him costs subsequent to the tender ; that
*Gilbert* ought to deposit forthwith with the clerk of the
court, for plaintiff, said sum of $76, and the costs ad-
judged to plaintiff, after deducting the cost adjudged
to *Gilbert*, with $1.50 for expenses of drawing and
acknowledging the deed hereinafter mentioned, and fifty
cents for a revenue stamp therefor ; and that, upon
notice to him of the deposit of such moneys, plaintiff
ought to execute to *Gilbert* a quit-claim deed of the
premises, with release of dower by his wife, and with

covenants of special warranty against any acts done or suffered by him, affecting the title thereto since the execution to him of said sheriff's deed. Judgment accordingly; from which plaintiff appealed.

*H. W. & D. K. Tenney*, for appellant:

The right to redeem from a sale on execution is a strict, statutory, *legal* right. It is not an uncertain equity, to be enlarged, contracted or changed according to the discretion of a court of equity, nor can performance be dispensed with or delayed, nor any substituted performance allowed. Redemption is also an *entire* thing. There is no such thing as part redemption. Any thing short of full redemption is no redemption at all, and of no effect. The right to redeem is a grace offered to the debtor. He cannot palter with it, nor subdivide it, but must take advantage of it strictly on the terms offered, or not at all. 4 Greenl. 454; 6 id. 142; 9 id. 128; 1 Barb. Ch. 53; 1 Denio, 272; 20 Wend. 555; 1 Cow. 481; 7 id. 540; 15 N. Y. 528; 23 Barb. 278; 7 Hill, 159, 177; 22 Vt. 318; 27 Ala. 193; 14 Ill. 26; 25 N. Y. 619; 14 Cal. 54; 4 Comst. 535; 11 Humph. 135; 5 Gilman, 171; 12 Mich. 234. The plaintiff might have refused to receive the money in installments. His reception of the $40 waived that right, and nothing more. It was, in effect, saying, "I will receive the amount in installments, instead of all at once, but, of course, upon the condition that the whole is paid in time." The receipt does not say the money was received as "part payment," or as "part redemption;" much less does it say "the right ever to take a deed is hereby relinquished." It only says the money was received "on account of the certificate;" that is, that this was to be taken account of in connection with the balance expected, and if the whole should be paid within the two years it should be a redemption, otherwise not. The case is like that of a land contract, where time is made of the essence of it, and the real question

is, whether the payment was *upon* the contract and wartod execution of it, or whether there was a *rescission* of the contract.    Where the payment is made *upon the contract*, part payment does not give part title, nor can the money be recovered back,    It gives the paying party only a right to go forward and complete the contract on his part, and then demand the execution of it from the other according to its terms.    On the contrary, when there is a *rescission* of the contract, the parties are placed back in the position they would have occupied if they never had made it.    4 Greenl. 454 ; 9 id. 128 ; 14 Mass. 266 ; 5 Cush. 273 ; *Hansbrough v. Peck*, 5 Wall. 497 ; 6 Clarke (Iowa), 153 ; 10 Iowa, 427 ; 30 Ala. 715 ; 6 Gray, 412 ; 11 Wis. 193.    Counsel also contended that in the case of *Southard v. Pope's Ex'r* (9 B. Monroe, 261) there was a *redemption*, made and agreed upon *as such*.

*Spooner & Lamb*, for respondent, argued that the claim made for the plaintiff amounted to this: that if real estate be sold on execution for $10,000, and the debtor makes a partial redemption by paying the purchaser $9,995 within the two years, but fails to complete it by paying the residue, the purchaser has a right, in equity, to hold and enjoy the estate in the same manner as if no partial redemption had been made.    A better proposition is, that if the purchaser at execution sale accepts, during the time for redemption, a *part* of the amount for which the land was sold, he places himself and the debtor outside of the statutory relation in which they stood to each other, and converts his title into a mere lien to secure the balance of the purchase-money.    This principle does complete justice to both parties.    It is obvious that the statute contemplated only two states of fact — *full* repayment of the money and interest to the purchaser, or *no* repayment — and it has defined the rights of the parties in each of those cases.    The rights of the parties in case of a partial

redemption are not defined.    Such a case is so rare that it could hardly have been foreseen.    We can find only one such in the books, viz., *Southard v. Pope's Ex'r*, 9 B. Mon. 261.    In that case the court solved the question at once, by holding that the act of accepting a partial payment was inconsistent with the right to make the purchase absolute, and was a waiver of that right.

DIXON, C. J.    In this case we unhesitatingly adopt the conclusion of the court of appeals of Kentucky under like circumstances (*Southard v. Pope's Ex'r*, 9 B. Monroe, 264, 265), and hold that the plaintiff, by accepting a part of the purchase-money for which the land was sold, waived his right to enforce a forfeiture of the equity of redemption according to the terms of the certificate of sale, which he held, and thereby converted the certificate, and his interest in the land under it, into a mere lien or security for the payment of the balance of the purchase-money.

*By the Court.* — The judgment of the circuit court is affirmed.