WITTMANN, Executrix, vs. WATRY.

PLEADING: VARIANCE. *(1) When complaint construed liberally. (5) Amending complaint by evidence.*

EVIDENCE: ACTION BY EXECUTOR. *(2) Proof of his representative character. (3) Evidence of transactions with testator.*

REVERSAL OF JUDGMENT. *(4) Finding against preponderance of evidence.*

DAMAGES. *(6) Recovery of rent from lessor by his assignee of the rent: Measure of damages.*

NEW TRIAL. *(7) When granted on reversal of judgment.*

1. In an action to recover from a lessor of land moneys of which plaintiff's testator, as the assignee of the lessor's rights to the rent of the third and fifth years, had been deprived by the lessor's acceptance of a surrender of the lease, an averment in the complaint that the lease was surrendered during the first or second year of the term, and before plaintiff's testator was entitled to any rent, is *held* equivalent to an averment that no rent

accruing after such surrender was paid to the testator — especially as an objection to the complaint as not showing that the testator had never received any rent under the lease, was first taken *on the trial*.

2. Where one sues as executor, certified copies of his letters testamentary and of his bond as executor duly approved and filed, are sufficient evidence *(prima facie* at least) of his representative character.

3. In this action, by the assignee's executor, testimony of the defendant that the lessee was present when the assignment was made, and that such assignment was indorsed on the lessee's duplicate lease, was probably inadmissible. R. S. 1858, ch. 137, sec. 51.

4. Another and competent witness for the defendant testified to the same facts last above stated, and the only further evidence on the point was that of the lessee himself, who testified that he had no recollection of the assignment, but not that he had no notice thereof, or that it was not indorsed on his lease in his presence. *Held*, that there is a clear preponderance of evidence that the lessee had such notice; and the court below erred in finding otherwise.

5. The complaint rests plaintiff's right of recovery herein on the ground that, by accepting a surrender of the lease, defendant had deprived plaintiff of any remedy against the lessee. The evidence is, that the lessee had notice of the assignment, so that a surrender by him would have been void as against plaintiff, and the latter might therefore recover of him the rent reserved for the third and fifth years. The proof shows further that defendant received rents for said years from other persons. *Held*, that the plaintiff has a valid demand against defendant for the amounts so received, notwithstanding his right of action against the original lessee; and he should be permitted to amend his complaint herein according to the facts.

6. If there had been a surrender of the lease, this court would be inclined to hold the measure of damages to be, the rent which defendant might have obtained for the surrendered premises. The property having been left vacant without defendant's consent, and he having been compelled to resume possession for its protection, and the lessee having probably been insolvent, defendant should not be held liable in this action for the full rent reserved in the original lease.

7. The evidence not showing the amount received by defendant for rent during the time for which the rent belonged to plaintiff, this court, on reversing the judgment, instead of directing judgment for a specific amount, remands the cause for a new trial.

APPEAL from the Circuit Court for *Manitowoc* County. This is the third appeal in this action. The decisions upon the two former appeals are reported in 31 Wis., 638, and 37 id., 238, where sufficient statements of the case as made by the pleadings will be found.

The last trial was by the court without a jury, and resulted in a general finding that the allegations of the complaint are true. Judgment was thereupon rendered for the plaintiff for the rent assigned to the testator at the rate specified in the lease — that is, for the rent of the third, and one-half of the fifth year, at $300 per annum,— with interest. The testimony is sufficiently stated in the opinion. Defendant appealed from the judgment.

There were briefs by *H. G. & W. J. Turner* for the appellant, and *Foster & Coe* for the respondent, and oral argument by *W. J. Turner* and *Mr. Foster*.

LYON, J. I. At the commencement of the trial, the defendant objected to the admission of any evidence under the complaint, for the alleged reason that it fails to state a cause of action. The objection was overruled, and such ruling is assigned as error.

It is claimed that the complaint is defective in that it contains no averment that the lessee, Schroeling, ever went into possession of the leased premises under his lease, or that the plaintiff or the testator had not been paid the rent assigned to the latter. If the first of these averments is material, the answer supplies the defect in the complaint by the statement therein contained, that the lessee took possession of and occupied the premises. The averment in the complaint that the lease was surrendered in 1861, during the first or second year of the term, and before the testator was entitled to any rent, should be held, we think, equivalent to an averment that no rent was paid accruing after such surrender. Especially should it be so held when the objection is taken for the first time on the trial. *Hazleton v. The Union Bank*, 32 Wis., 34.

II. To prove her representative capacity, the plaintiff read in evidence duly certified copies of letters testamentary issued by the proper court, constituting her executrix of the last will and testament of John Wittmann, and of her bond as executrix, duly approved. It is claimed that these are not sufficient, but that she ought also to have introduced in evidence

the will and the probate thereof. The letters testamentary recite the will and its probate, and the appointment therein of the plaintiff as executrix. We think the proof sufficient *(prima facie* at least) to show her right to maintain the action.

III. An examination of the testimony impels us to the conclusion that the learned circuit judge erred in finding therefrom that the lessee had no notice of the assignment to the testator of a portion of the rent reserved in the lease. The defendant and another witness produced by him both testify that the lessee was present when the assignment was made, and that it was indorsed upon the duplicate lease in his possession, which he then produced and afterwards retained. The only other testimony on the subject is that of the lessee, who merely testified to want of recollection of the assignment. He does not testify that he had no notice of the assignment, or that it was not indorsed in his presence on his lease. If the testimony of the defendant is rejected because the assignee is dead (and probably it should be rejected for that reason), there still remains a clear preponderance of evidence tending to show that the lessee had full notice of the assignment at the time it was made. *Ralph v. C. & N. W. R'y Co.*, 32 Wis., 177. Having such notice, he could not surrender the lease so as to bar the right of the assignee to recover from him the rent so assigned, with the consent of the assignee. 1 Parsons on Con., ch. 10, sec. 7, pl. 6.

IV. But it does not follow, because the plaintiff may maintain an action against the lessee for the rent assigned to the testator, that she must necessarily fail to recover anything in this action. The proof is, that the defendant received certain sums of money for the rent of the premises during the third and fifth years of the term, when the rent belonged to the testator. The rent so received by the defendant belonged to the testator, and was received for his use. No good reason is perceived why the same may not be recovered in this action. The action is, substantially, for rent. The complaint rests the right to recover on the ground that the defendant deprived the testator of any remedy against the lessee, and must therefore

pay the rent himself. It transpires, however, that the defendant has not deprived the testator or the plaintiff of the right of action against the lessee, but that the plaintiff has a valid claim against him for a portion of such rent on another ground, to wit, that he has collected rent which belongs to the plaintiff. It will do no violence to the statute of amendments to permit the plaintiff to amend her complaint so as to place her claim to recover on the latter ground. Such an amendment will not change the cause of action, but only the grounds upon which a recovery for the same cause of action is sought.

V. Had there been a surrender of the lease, we should be strongly inclined to hold, under the circumstances of the case, that the measure of damages would be the rent which the defendant might have obtained for the surrendered premises. His property was left vacant without his consent, and was more exposed to depreciation and injury because it was unoccupied. To protect and save his property, he was compelled to resume possession. Besides, the lessee was probably insolvent, and the only means the defendant had of obtaining any income from the property was to lease it to another tenant for such rent as he could get. It would be a harsh rule which would hold the defendant liable in this action for the full rent reserved in the original lease, when probably he could not have obtained one-half that rent for the premises after the same were so abandoned by the lessee.

VI. Did the evidence show the amount received by defendant for the rent during the year and a half the rent belonged to the testator, we should direct judgment for the plaintiff for that amount. But it does not. We are therefore compelled to send the cause back for another trial. However, the parties can probably agree on the amount, and thus save the expense of further litigation.

*By the Court.* — Judgment reversed, and cause remanded for a new trial.

RYAN, C. J., took no part.