DIGGLE vs. BOULDEN.

*February 4 — February 24, 1880.*

APPEAL TO SUPREME COURT: *(1) From judgment on striking out demurrer to complaint as frivolous. (6) When taxation of costs not reviewable here.*

VENDOR AND PURCHASER OF LAND. *(2, 3) When vendor's want of title no defense to action for installment of price, or to foreclose contract of sale. (4) When statutory remedy against tenant in default will not lie against purchaser in possession. (5)* WRIT OF ASSISTANCE *upon foreclosure of land contract.*

1. A demurrer to the complaint having been stricken out as frivolous, with leave to answer within a limited time on terms (R. S., sec. 2681), and judgment having been rendered after the lapse of the time limited, in default of an answer: *Held,* that the question on appeal is, whether the demurrer was *well taken;* and where the demurrer is in effect a *general* one, the question is, whether the complaint states a good cause of action.

2. The mere fact that the vendor of land by executory contract (containing a representation or warranty that he has the title) has not acquired the legal title when an intermediate installment of the purchase money becomes payable by his vendee, is no defense to his action for such installment, where by the contract the deed is not to be made until payment of the last installment, which will not become due for a considerable length of time.

| 48 | 477 |
| 78 | 550 |
| 48 | 477 |
| 80 | 217 |

| 48 | 477 |
| 108 | 173 |

| 48 | 477 |
| c116 | ⁴604 |
| f116 | ⁴605 |

Diggle vs. Boulden.

[3. In an action for strict foreclosure of such a contract, even for non-payment of the *last* installment of the purchase money, where defendant is in possession of the premises, the fact that plaintiff has not the title is no defense, unless defendant has offered to rescind the contract and surrender the possession. *McIndoe v. Morman*, 26 Wis., 588.]

4. An executory contract of sale of land provided that the vendee should go into possession, make certain improvements and pay certain taxes, and "hold as a tenant at sufferance, and liable to be expelled as a tenant holding over," on failure to make any payment as specified; and the vendee went into possession, and made default after some payments. *Held*, that the statutory proceeding for a recovery of possession by a landlord against a tenant in default, would not lie.

5. A judgment of strict foreclosure of a land contract may provide that after the time thereby limited for payment, a writ of assistance shall issue if defendant refuse to surrender; that remedy being within the inherent power of chancery.

6. Objections to the taxation of costs in the court below, not made to that court, cannot be considered here.

APPEAL from the Circuit Court for *Grant* County.

Action for the strict foreclosure of a land contract. Defendant appealed from a judgment in plaintiff's favor. The case is stated in the opinion.

For the appellant, there was a brief by *Bushnell & Clark*, and oral argument by *Mr. Bushnell:*

1. The judgment should be reversed unless the demurrer was frivolous. This is the rule where a defense interposed by answer is stricken out as frivolous; and up to the case of *Cobb v. Harrison*, 20 Wis., 625, the same was held in case of a demurrer. *Clapp v. Preston*, 15 Wis., 543; *Cahoon v. Wisconsin Cent. R. R. Co.*, 10 id., 290, and cases cited. Why the rule which obtains in one case should not apply also to the other, is difficult to conceive. But whatever the decisions heretofore, it would seem that under the present revised statutes the question of frivolousness might be raised. Sec. 3070 provides that the court on appeal may, without exception taken, review *any alleged error* appearing on the record. If, therefore, there was error in holding the demurrer frivolous, it must be subject to review. 2. If a demurrer admits of argu-

ment, it is not frivolous. *Cottrill v. Cramer*, 40 Wis., 559. The ground of demurrer here is, that the complaint does not state a cause of action. Appellant insists that the demurrer is well taken. A vendor of land by his contract impliedly represents that he has and will convey a good title. Equity will not enforce specific performance in his favor, unless he is himself in a position to perform on his part. The plaintiff in this suit has only an equitable title, and that in default. He may be insolvent; and from his nonpayment insolvency is to be presumed. Can he require defendant to pay this and subsequent installments on the contract, and run the risk of his applying the money in such a way as to secure the title? Actions for relief of this kind are not matter of right, but rest in the discretion of the court. It is insisted that before this action will lie, plaintiff should show himself possessed of a good title. *Burwell v. Jackson*, 9 N. Y., 535; Rawle on Covenants for Title, §§ 562–5,611–12, 714; 1 Story's Eq. Jur., § 161; 2 id., §§ 693, 716, n. (1), 723, 742–9, 751, 760, 771, 776–7, 790; 3 Parsons on Con., 350, 407, 409, note (*t*), 414; 2 Sug. on Vend., 419; *Seaton v. Slade*, 2 L. C. in Eq., 365; *Romilly v. James*, 6 Taunt., 263. 3. The contract clearly undertakes to raise the relation of landlord and tenant between the parties. *Wright v. Roberts*, 22 Wis., 161; *Brugman v. Noyes*, 6 Wis., 10. This being the case, the plaintiff has a full and complete remedy at law, and equity will not interpose. *Shephard v. Genung*, 5 Wis., 398; *Prescott v. Everts*, 4 id., 314; *Danaher v. Prentiss*, 22 id., 317. 4. There are several errors in the form of the judgment. The costs of the motion to strike out the demurrer are improperly included in it. A clause awarding to plaintiff a writ of assistance to aid in enforcing it is also improperly inserted. The law provides the means of enforcing judgments, and the court has no authority to assume legislative functions by providing other means. R. S., §§ 2966, 2967 and 2969; Freeman on Judgm., § 3, and cases there cited. Again, the defendant is entitled to have a

certified copy of the judgment served upon him before being visited with the penalties of disobedience. The judgment decrees that he must be satisfied with merely having a certified copy *shown* him. It further provides that the writ may issue on application to either the court or the clerk; if permissible at all, it should issue only on order of the court. *Landon v. Burke*, 36 Wis., 382.

For the respondent, there was a brief by *Barber & Clementson*, and oral argument by *Mr. Clementson:*

1. The demurrer was frivolous within the rule of *F. & M. Bank v. Sawyer*, 7 Wis., 383, because without argument or research the court could determine its character. But if this court should consider it not frivolous, but bad, the judgment will not be disturbed. *Cobb v. Harrison*, 20 Wis., 625; *Sage v. McLean*, 37 id., 359; *Decker v. Trilling*, 24 id., 610; *Sentinel Co. v. Thomson*, 38 id., 489. 2. Even if the vendor could not give good title, the defendant could not, without an offer to rescind, retain possession of the land and refuse to pay the purchase money. *McIndoe v. Morman*, 26 Wis., 588; *Taft v. Kessel*, 16 id., 273; *Miller v. Larson*, 17 id., 624. By the terms of the contract, the deed was not to be executed until full payment of the purchase money, the last installment of which would not be due until 1885. It would be a full compliance with the contract on plaintiff's part, if by that time he had the title, or procured a conveyance to defendant from the party who had it. *Bateman v. Johnson*, 10 Wis., 1; *Akerly v. Vilas*, 15 id., 401. The tender of a deed, or ability to convey the title, was not, by the contract, a condition precedent to payment of the annual installments; and defendant cannot demand performance of plaintiff until he himself has done what he agreed to do before making such demand. *Gale v. Best*, 20 Wis., 44; 2 Parsons on Con., 679, 529, note (r). 3. The judgment is not open to the objection taken in *Landon v. Burke*, 36 Wis., 378, but was carefully framed to conform to the requirements

of that and other decisions of the court, and to the rules. *Attorney General v. Lum*, 2 Wis., 507; *Goit v. Dickerman*, 20 id., 630; *Loomis v. Wheeler*, 21 id., 271; Rule VIII, p. 2024, Tay. Stats.

ORTON, J. This is a suit in equity for the strict foreclosure of a land contract. The complaint sets out, substantially, that the eighty acres of land in question was a part of a tract of land purchased and held by the plaintiff, by land contract, from one Putnam David, for the sum of $4,587.20; of which sum $2,000 was paid down, and the balance was to be paid thereafter in installments, with interest; that such installments and interest had been partly paid, leaving only the sum of $1,500 of principal and $100 of interest unpaid; and that, upon the payment of the same, which the plaintiff is able to make at any time, he can obtain a deed of the whole tract from the said David. The complaint then sets out a land contract between the parties to this action, providing, in substance, for the purchase of eighty acres of said tract, by the defendant from the plaintiff, for the sum of $1,000, to be paid in yearly installments of $100 each, with ten per cent. interest on the whole, payable annually; that the first installment of principal and the first year's interest were to be paid on or before the first day of January, 1878; that the defendant should go into possession of the premises, make certain improvements and pay certain taxes thereon, and hold as a tenant at sufferance, and liable to be expelled as a tenant holding over, on failure to make any of the payments at the time specified; and that in case of his failure to make any of the payments the agreement was to be void. The complaint further shows that the defendant went into possession of the premises, and has failed to pay such first installment of principal, and such interest and taxes; and prays that he be adjudged to pay the same in a certain time, to be fixed by the court, and in default

thereof be forever barred and foreclosed of his right, title and interest in the premises.

To this complaint the defendant interposed what may be called a general demurrer, which was stricken out on motion of the plaintiff, on the ground of frivolousness, and leave given to the defendant to answer in twenty days.  No answer having been made, judgment was rendered for the plaintiff, that the defendant pay within one year the sum so found due, together with interest and costs, and that in default of such payment he be foreclosed and dispossessed, and that a writ of assistance issue if he refuses to surrender such possession.

The defendant appeals from this final judgment.  The learned counsel of the appellant insists that the question on this appeal is the frivolousness of the demurrer, the order striking out the same on that ground being an interlocutory one, which may be reviewed upon appeal from the final judgment.

The practice of this court may be considered established, that in such a case the question is, whether the demurrer was well taken, or whether the complaint stated a good cause of action.  *Cobb v. Harrison*, 20 Wis., 626; *The Sentinel Company v. Thomson*, 38 Wis., 489.  Since by the present statute (section 2681, R. S.), in case of striking out a demurrer as frivolous, the court may allow the defendant to plead over within a limited time, on terms, when such an order is made, there can be no substantial distinction between striking out a demurrer as frivolous, and overruling it on argument; for the legal consequences are the same.  The objections to the complaint urged here on the argument are—

*First*.  That it shows on its face that the respondent, by his written contract of sale, falsely represented or warranted that he held a valid title to the land he so contracted to sell.  This principle may be correct so far as it affects the payment of any part of the purchase money, when the time fixed for such payment is contemporaneous with the time fixed for the execution of the deed, so that the covenants to make payment

and to execute the deed are mutual and dependent, as in the leading case cited, of *Burwell v. Jackson*, 9 N. Y., 535. But even in such case the principle is to be applied only as *defense* to the payment, founded on such inability to convey a valid title, and other equitable grounds of relief, such as the insolvency of the party contracting and unable to convey, and the impossibility of obtaining the title from other sources without further payment or cost. We have been referred to no authority, and we can find none, that allows such a principle to operate as a defense to the payment of a mere intermediate installment of the purchase money, which falls due long before the time fixed in the contract for the execution of the conveyance, and when the deed is not to be made until the payment of the last installment, which is not yet due.

*Second.* That the complaint shows the title to the land out of the respondent, and therefore his inability to convey, and so in itself discloses such a failure of consideration or violation of obligation as to be a sufficient defense to the action. It would, perhaps, be a sufficient answer to this objection, that the complaint, although showing title out of the respondent at the present time, *does* show his ability to obtain it at any time, and especially when, by the terms of the contract, he is bound to convey it to the appellant. But, by decisions of this court, without going abroad for adjudications on the question, when we have them so near at hand and at home, and which must express the law of this state at least until overruled by like authority, the principle here contended for is not allowed to obtain, even as matter in defense, in cases where suit is brought to foreclose contracts on failure to pay the last installment, the payment of which could not be enforced without the tender of a conveyance, and the purchaser still retains the possession of the premises.

In *Bateman v. Johnson et al.*, 10 Wis., 1, where the suit was brought by the purchaser for a forfeiture of the contract and the repayment of the purchase money, on the ground that the

vendor had no title and could not execute, and had not himself executed, a conveyance, but had *procured* a deed to be made to the plaintiff, conveying a good title, by a third person, and tendered the same to the plaintiff before suit, but after the time fixed in the contract, it was held that the tender of such deed was a good defense to the action; and Mr. Justice COLE, in his opinion, uses the following language: "By the contract, the appellant was entitled to a deed conveying to him the entire estate. If the respondents *were not seized* of such an estate, it was their duty to procure a conveyance from the party who was so seized." In this case, it may be said that, although the respondent has not yet obtained the title, the presumption is that he will either obtain such title, and make the proper conveyance of it to the appellant, or procure a conveyance of it from another, when, by the terms of the contract, he is bound so to do, and which time has not yet arrived.

In *Akerly v. Vilas et al.*, 15 Wis., 402, Chief Justice DIXON says in his opinion: "Upon a bill to rescind such agreement, on the ground that the vendor *is unable to give a good title,* if it appear at the time of the decree that he is able to do so, the plaintiff will be compelled to accept."

In *McIndoe v. Morman*, 26 Wis., 588, the defendant had paid part of the purchase money, and had gone into and still held possession of the land, and the time for the payment of the balance of the purchase money and for the execution of the deed was fixed in the contract as the same. The plaintiff brought suit, as in this case, for forfeiture and foreclosure, on the ground of the nonpayment of the balance of the purchase money. The defense was, the inability of the plaintiff to convey a good title, and his insolvency. Even in such a case, much stronger than this for the equitable operation of the principle contended for, it was held that such a defense was not available unless the defendant first offered to rescind the contract and surrender up his possession. This decision is so directly in point that further references are unnecessary.

*Third.* The objection that the respondent had an ample remedy at law, and the right to proceed against the appellant as a tenant holding over under the clauses of the contract making him a tenant at sufferance, is equally untenable. The complaint itself shows that the appellant had rights and equities under his contract of purchase which would defeat an action at law against him as a mere tenant at sufferance; and such an action would not lie in such a case where the appellant is in possession as purchaser, having paid part of the purchase money. *Plato v. Roe*, 14 Wis., 453; *Ott v. Rape et al.*, 24 . Wis., 336; *Ragan et al. v. Simpson et al.*, 27 Wis., 355; *Nightingale v. Barens*, 47 Wis., 389.

*Fourth.* That part of the judgment allowing a writ of assistance to oust the appellant from the possession of the premises, on his refusal to surrender the same to the respondent, is clearly proper, and within the inherent power of a court of chancery. Jacob's Law Dic., title, "WRIT OF ASSISTANCE."

*Fifth.* The objection to improper costs taxed was not made in the court below, nor was any exception taken or motion for retaxation made; and it cannot therefore be considered here.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.