WILLIAM S. McCORMICK, Appellant, v. WILLIAM G. GREENHOW and WILLIAM NELSON, Respondents.

1. Waiver of Rights under Marshal's Sale.—Where a purchaser at a marshal's sale of lands accepts part of the purchase money, under an agreement with the judgment debtor to pay the same, he waives his rights to enforce a forfeiture of the equity of redemption, according to the terms of the certificate of sale, and thus converts such certificate, and his interest in the land under it, into a mere security for the balance of the purchase money; he becomes an equitable mortgagee, with the right of redemption in the judgment debtor; and a subsequent judgment debtor, after sale, could exercise the same right to redeem.

Appeal from the Third Judicial District Court.
The facts are sufficiently stated in the opinion of the court.

*Sutherland & Kimball*, for appellant.
The sole question raised on this appeal is whether the court

below erred in refusing an injunction to the plaintiff by holding that the judgment debtor has an equitable interest by the effect of the contracts of February 16, and April 19, 1877, set forth in the record, and the payments which were made thereon.

Neither of those contracts were made with the judgment debtor, and no money of the judgment debtor was paid thereon. The contract of February 16th was for sale of the judgment, and the other for sale of the certificate of sale after the premises had been bid off under the execution by the plaintiff in this action.

It was simply an irrevocable offer, for the time mentioned, take so much money, if paid, and then to deliver the assignment. No title passes by such a contract, and when the time has expired without the performance of the condition it ceases by its own terms. *Herring* v. *Hippock*, 15 N. Y. 409; *Strong* v. *Taylor*, 2 Hill. 326; *Dresser Man. Co.* v. *Wateran*, 3 Met. 9; *Dunlap* v. *Gleason*, 16 Mich. 158; *Putnam* v. *Lamphier*, 36 Col. 151; *Plummer* v. *Sherley*, 16 Ind. 38; *Hanway* v. *Wallace*, 18 Ind. 377.

Two facts may be relied on by the defendant to make these contracts and the payments thereon enure to the benefit of the Flagstaff Company.

*First*—That Hunter was the general agent for Utah of the company when he made the contracts. It is enough to reply to this that an agent advancing his own money for a judgment against his principal, may take an assignment of it to himself, and if the principal does not refund what it cost to him, on being notified, his title is good. But a principal, by assuming the act or contract of an agent, must perform as the agent had bound himself to perform, and the other party will be entitled to the same rights, connected with the subject, as though the principal had made just the contract in his own name that the agent did in his.

*Second*—That Billing agreed with the company to complete the purchase of this certificate and hold it in trust for the company, and charge his payments in account.

McCormick had no notice of this obligation, and it was in fact entered into long subsequent to April 19th, when his contract was made. The company assented to the assignment of Hunter to Billing, and to his acquiring the benefit of Hunter's payments. *Clark* v. *Law*, 22 How. Pr. 426; *Johnson* v. *Bennett*, 27 N. Y. 546, 567; *Hoff* v. *Earl*, 3 Ind. 306, 312, 313; Hill. on Trustees, 237; *Hawkins* v. *Regan*, 20 Ind. 193; *Dunlap* v. *Mitchell*, 10 Ohio, 117; *Harrington* v. *Brown*, 5 Pick. 509; *Bostwick* v. *Atkins*, 4 Comst. 53, 60; *Devene* v. *Funning*, 2 John. 253.

The money to be paid, as a condition of the delivery of the assignment, was required to be paid in equal installments in the months of May, June, July, August, September and October, and on the last payment being made, when due, the assignment was to be delivered.

Although the money bore no interest, had not the payee a right to refuse it until it was due, and of course require the assignment to be withheld until the payment at maturity? The authorities would seem to answer this question in the affirmative. *Mitchell* v. *Cook*, 29 Barb. 243; *Moore* v. *Cord*, 14 Wis. 213.

A party may all assent to a part payment of a judgment, and not to a partial redemption after a sale; part payment of a judgment does not take away the character of a judgment from the residue of debt; but money received expressly for partial redemption, after a sale or execution, changes the right in respect to the balance. *Southard* v. *Pope*, 9 B. Mon. 264; *Hughart* v. *Lumberg*, 45 Ind. 498; *Kaufman* v. *Smallwood*, 36 Ill. 504; *Ferguson* v. *Smith*, 7 Bush. 76; *Ott* v. *Rape*, 24 Wis. 336; but see *Morton* v. *Chandler*, 6 Greenlf. 142.

Where such purchaser receives during the period of redemption a part of the amount of his bid from the judgment debtor, as a payment towards redemption, the courts say that the receipt and retention of such money is a commencement of redemption, and such purchaser must permit it to be completed, although the statutory period expires before the entire

sum is paid; that the receipt and retention of a part of the money, as redemption money, is inconsistent with the assertion of the absolute title when the redemption period has elapsed. *Southard* v. *Pope*, 9 B. Mon. 264; *Hughart* v. *Lumberg*, 45 Ind. 498.

*Bennett & Harkness*, for respondents.

When Billing assumed the obligation of Hunter in respect to the purchase of the certificate, it was under an agreement by which he was to pay the balance due for the certificate and become a general creditor of the company, not only for this balance but for the amount paid by Hunter and assumed by Billing.

In this state of facts, so far as it relates to a saleable interest in the property of the company, the case is in the same condition as if the agreements concerning the sale of the judgment and certificate of sale had been made with the judgment debtor.

When such an agreement is made between the purchaser and judgment debtor, it is well settled the purchaser waives his statutory rights under the sale, and the subsequent relations of the parties rest on contract. The purchaser becomes an equitable mortgagee, with a right of redemption in the judgment debtor, and another judgment creditor, after sale, could exercise the same right to redeem. Rorer on Judicial Sales, §§ 915, 918; *Southard* v. *Pope*, 9 B. Mon. 261; *Hughart* v. *Lumberg*, 45 Ind. 489; *Ott* v. *Rape*, 24 Wis. 336; *Kaufman* v. *Smallwood*, 36 Ill. 504.

The property of the judgment debtor, in equity, is a fund for the payment of all the creditors, and one creditor will not be permitted to so control it as to defeat the rights of others.

BOREMAN, J., delivered the opinion of the court:

A judgment was recovered in the name of the Omaha Smelting and Refining Company against the Flagstaff Silver Mining Company of Utah, limited. Andrew G. Hunter con-

tracted for the purchase of the judgment, and paid a part thereof. At his request execution was issued and levied upon the Flagstaff mine, of which he was in possession as lessee of the said Flagstaff Company. The property was sold under the execution, and appellant, who owned a half interest in the debt upon which such judgment had been obtained, became the purchaser, but said Hunter paid all expenses of sale, and appellant paid no money down at the sale, yet received the certificate of sale, by reason of some understanding dispensing with such payment, we presume.

On the day of sale said Hunter and appellant entered into a contract for the purchase and assignment of the certificate of sale. Hunter paid some of the installments under this contract, and then assigned all of his rights and interests under the contract to Frederic W. Billing, who became the lessee of the Flagstaff Company and in possession of its property. The appellant was made aware of this assignment, and of the contract between Hunter and Billing. That contract required said Billing to pay the remaining installments on said contract, and by consent of said Flagstaff Company said payments by Hunter on the contract for the purchase of the judgment, and the payments of both Hunter and Billing on the contract for the purchase of the certificate of sale, were to be charged to the Flagstaff Company, and the mine to be held by Billing for said Flagstaff Company and to be disencumbered of all liens.

Billing paid all of the remaining installments except the last, which was some $4,900, that being all that was due and unpaid out of the original debt of nearly $44,000.

The six months for redemption having expired, and the said balance of $4,900 being still unpaid, the appellant obtained his deed for the property from the United States marshal, William Nelson, who had made the sale.

A few days prior to the execution of this deed, however, the respondent, William G. Greenhow, recovered judgment against the said Flagstaff Company for $8,000, had execution issued

thereon to William Nelson, United States Marshal, and the marshal gave notice of sale.

The appellant applied to the court below to enjoin the sale, and the court having denied the injunction, the appellant brings the cause to this court on an appeal from the order refusing the injunction.

The appellant claims the legal title, and urges that that deprives the Flagstaff Company of any interest that can be sold under execution. The respondents claim that the Flagstaff Company has an equitable interest, the right to redeem, that can be thus sold.

The Flagstaff Company is in possession of the property by its lessee Billing, and the appellant never has been in possession. The appellant was made acquainted with the agreement between Hunter and Billing, whereby all of the payments that had been or might be made by these parties were to enure to the benefit of the Flagstaff Company, and that all liens were to be removed from the property. He knew that the possession of the Flagstaff mine had not changed from the Flagstaff Company to him. Knowing these things, he received from Billing other installments on the contract for purchase of the certificate of sale; really, in effect, installments paid by the Flagstaff Company. Billing was evidently acting for the company, and no other rational construction can, as it appears to us, be placed upon these transactions. It was really an arrangement for the redemption of the property. All of the transactions on the part of the appellant would indicate that he was simply seeking to get back his money, and thus held the mine for such purpose. The acts of Hunter, the then lessee of the Flagstaff Company and in possession of its property, in entering into the contract for the purchase of the judgment, pointed the same direction; that he was trying to save the property for the company. His contract with the Omaha Company provided that all payments to be made by him were to be payments by the Flagstaff Company if the payments were not completed. They were not completed.

The appellant knew of this, and of the contract, which was recognized in the contract between him and Hunter.

In reaching the conclusion that the appellant holds his deed merely as a lien to secure his debt, what harm is done to the appellant? Certainly it would not be just for him to hold both the property and the money already received, and the facts satisfy us that such was not the intention.

The Flagstaff Company, under these transactions so fully assented to by appellant, have the right to redeem. Having received part payment for his judgment, knowing that such was in the interest of the Flagstaff Company, he waived his rights to hold the property absolutely as against the Flagstaff Company, but that company had the right to complete the payments, and was then entitled to a reconveyance of the property. *Southard* v. *Pope*, 9 B. Mon. 261; *Hughart* v. *Lumberg*, 45 Ind. 498; *Ott* v. *Rape*, 24 Wis. 336; *Kaufman* v. *Smallwood*, 36 Ill. 504.

This equity of redemption which the Flagstaff Company had was subject to sale under execution. The action of the court below was, therefore, proper in denying the injunction.

The order of the court below denying the injunction is affirmed, with costs.

SCHAEFFER, C. J., and EMERSON, J., concurred.