OAKES VS. THE ESTATE OF BUCKLEY.

*May 17 — June 23, 1880.*

ESTATES OF DECEDENTS. *(1–5) Appointment of administrator* de bonis non: *conditions and proof.* *(6) Presumption as to presentment of claim against estate.*

VENDOR AND PURCHASER of land. *(7) Rights of purchaser where vendor has no title.* *(8) Vendor's offset to suit for purchase money.*

1. An order in probate allowed the final account of an administrator, declared that it appeared that the expenses of administration, debts and funeral expenses and all other accounts, had been paid, and that the residue of the estate amounted to a specified sum, and directed that the administrator pay over said residue to the heirs of the deceased or to his legal representatives, and be thereupon discharged from the trust. There was no order determining who were the heirs or distributees, and no proof filed of any payment made by the administrator under the order. *Held,* that this record does not show a final settlement and distribution of the estate, or a want of power in the court to appoint subsequently an administrator *de bonis non.*

2. Where the probate record does not disclose the reason for the appointment of an administrator *de bonis non,* it must be *presumed* that there was sufficient ground therefor.

3. Under sec. 13, ch. 99, R. S. 1858, the marriage of an administratrix was ·sufficient ground for appointing an administrator *de bonis non.*

4. Where the record states that such appointment was made by consent of all parties interested, one who subsequently claims to have been the sole person interested in the estate must be *presumed* (in the absence of proof to the contrary) to have been present and consenting.

5. The order of the probate court granting letters of administration *de bonis non,* and the letters themselves, are *prima facie* evidence of authority to make the appointment.

6. In the absence of proof of the time when a claim was presented against an estate, and of any objection in the probate court that it was not presented within the time limited, this court must presume that it was presented in due time.

7. One in quiet possession under a land contract cannot, before his deed becomes due, recover paid installments of the price on the ground of his vendor's lack of title; and though, when he becomes entitled to a deed on payment of the balance of the price, he may probably, on tendering such payment and demanding a deed, and on his vendor's failure to make

him a good deed, surrender the possession and recover the money paid, he is not bound to take that course, but may rely upon his vendor's covenants, and hold possession until evicted.

8. The vendor of land without title, in an action to recover of him the purchase money, cannot offset the value of timber cut on the land by the vendee (prior to his eviction) in excess of the amount recovered against him, by the real owner, for rents, profits and damages.

APPEAL from the Circuit Court for *Iowa* County.

The case is thus stated by Mr. Justice TAYLOR:

"It appears from the record in this case that John Buckley, deceased, was in his lifetime the administrator of the estate of one Peter Allen, deceased; that a part of the estate of Peter Allen consisted of a parcel of real estate; that Peter Allen, at the time of his decease, left a widow and one child, a minor son; that John Buckley, supposing he had the right to sell the real estate of Peter Allen, entered into a written contract with the plaintiff, bearing date January 26, 1867, by which contract he agreed to sell and convey by warranty deed to said plaintiff a part of the real estate of Peter Allen, for the sum of $800, which the plaintiff agreed to pay therefor, and $400 of which was paid at the time the contract was executed. The other $400 was to be paid in four years from the date of the contract, with interest annually. This contract was not made on the part of Buckley in his representative character as administrator of the estate of Allen, nor is the land described therein as belonging to the estate of Allen. The plaintiff took possession of the land under this contract, and remained in possession until he was ejected therefrom upon a judgment in ejectment obtained against him in an action commenced by Peter Allen, the son and only heir-at-law of Peter Allen, deceased, about the 6th of March, 1873; and he was finally ejected from said premises on the first of April, 1875.

"On the trial of the present action, it was admitted that John Buckley never had any title to the land in question.

The evidence also shows that after Buckley had made the con-
tract with *Oakes*, as above stated, he executed and delivered to
the plaintiff, whilst he was in possession of the land, a deed
purporting to be made by him as the administrator of the
estate of Peter Allen, but which deed was void for want of a
sufficient description of the lands intended to be conveyed
thereby; and no evidence was given on the part of the defend-
ant in this action, that he had been authorized by the proper
county court to sell or convey the real estate of Peter Allen,
deceased.    John Buckley died January 28, 1868, and Mary
Buckley, his widow, was appointed administratrix of his
estate November 1, 1868.    The evidence tends strongly to
show that no order was ever made by the county court, in the
matter of the estate of John Buckley, to fix any time within
which creditors of said estate were required to present their
claims against said estate, nor were any commissioners ap-
pointed to pass upon and allow claims against said estate, until
after the appointment of the administrator *de bonis non*, as
hereinafter stated.    The records of the proper county court
show the appointment of Mary Buckley, administratrix of
said estate; that notice was given appointing the 3d of Jan-
uary, 1870, for the hearing of said administratrix's application
to have her accounts settled; and that on the 17th day of Jan-
uary, 1870, the account of the administratrix was presented
and allowed, and the following order made by the court:
'*Iowa County Court, in Probate — In the matter of the
estate of John Buckley, deceased.*    Pursuant to an order of
this court made in this matter on the 6th day of December,
1869, comes Mary Buckley, administratrix of said estate, and
presents her final account of her administration for examina-
tion and allowance; and the affidavit of H. H. Bennett, show-
ing that the notice required to be given by said order has
been duly published as ordered, being filed, and said accounts
being in proper form and accompanied with the necessary
vouchers, and no adverse appearance or objection being made,

it is ordered that said account be and the same hereby is allowed, as follows, to wit: [Then follows an account showing the sum of $328.02 in the hands of said administratrix belonging to said estate, and it is followed by the further order:] It appearing to the court here that the expenses of administration, debts and funeral expenses, and all other accounts, have been paid, and that the residue of said estate amounts to $328.02, it is ordered that the administratrix pay over said residue to the heirs of said deceased, or to his legal representatives, and that on her complying with said order she be discharged from further trust in said matter. ROBERT WILSON, County Judge.'

"This ends the proceedings in the county court relative to the estate of John Buckley, deceased, so far as the administration of Mary Buckley is concerned. The next proceeding in regard to said estate is an order dated May 10, 1875, ordering notice to be given of the petition of *Thomas H. Oakes* for administration *de bonis non* of said estate of John Buckley. The record then shows that on the 12th day of July, 1875, letters of administration *de bonis non* on the estate of said Buckley were issued by the said county court to Orville Strong; that on July 12, 1875, an order was made limiting the time to six months from that date, within which all claims and demands against said estate should be presented for examination and allowance, and that they should be presented to the judge of the court for such examination and allowance. The next order in the record is one bearing date June 12, 1876, which recites that the claim of *Thomas H. Oakes* against the estate of said Buckley had been theretofore filed in the court, and orders that such claim be heard and adjusted before the judge of the court on the 3d day of July, 1876. On the 3d day of July the parties appeared before the judge, and, on motion of the administrator *de bonis non*, the hearing was postponed until July 11, 1876. On the last named day the claimant appeared in person and by attorneys, and the ad-

ministrator *de bonis* appeared in person, and *Mary Boyle*, formerly Mary Buckley and widow of John Buckley, deceased, also appeared in person and by her attorneys, and the hearing upon the claim was had, and the court allowed the claim of *Oakes* at the sum of $664.68.

" After the allowance of said claim by the county court as above stated, and on the 22d day of August, 1876, the administrator *de bonis non*, and *Mary Boyle*, claiming to be the heir-at-law of said Buckley, deceased, gave due notice of an appeal from the order allowing said claim to the circuit court of said county, and alleged as their reason for appealing from such order that, at the time said claim was filed in the county court, the estate of said Buckley had been settled, and the final account of the administratrix had been examined and allowed by said court, and said court had found that all the demands against said estate had been paid, and that said court had discharged the administratrix more than six years before said claim was filed against said estate, and that the statute of limitations had fully run against said claim, and that the same should not, therefore, have been allowed by said county court.

" After the return to the appeal had been duly made, and the case had properly come before the circuit court, the defendants, the administrator *de bonis* and *Mary Boyle*, moved the court for leave to file an amended answer in the case, which was granted; and thereupon the defendant *Mary Boyle* filed an amended answer setting out, *first*, that she was formerly the widow of Buckley, deceased, and sole heir-at-law of said Buckley; *second*, that the estate of said deceased had been fully settled by the proper court, and that a final order for the distribution of the estate had been made by said court more than five years before the plaintiff had made any claim against said estate, and that no claim had been made for more than seven years after the death of said deceased, and the answer insists that the claim is barred by the statute of limitations, but does not state by what particular statute; *third*, that

Buckley was ignorant of his rights as administrator of the estate of said Allen, and, said estate being indebted to him in about the sum of $400, he supposed he had the right to sell the real estate to pay his claim, but that afterwards, learning his error in this respect, he applied to the county court for a license to sell the lands belonging to said estate, and that said Buckley, as administrator, sold the lands by virtue of said license, to said plaintiff, for the sum of $800, and that $400 of the purchase money was considered paid by the former payment made by *Oakes* on the contract for the purchase made with Buckley, and a mortgage was taken for the balance of the purchase money from *Oakes* to Buckley.

"The other matters in the answer are not material to the questions arising upon this appeal. The case was tried in the circuit court, and the judgment of the county court was affirmed."

From the judgment of the circuit court this appeal was taken in the name of "*The Estate of John Buckley, deceased.*"

For the appellant there was a brief by *Wilson & McIlhon* and *Lanyon & Spensley*, and oral argument by *Mr. Spensley* and *Mr. Wilson.*

For the respondent there was a brief by *Reese & Carter*, and oral argument by *William E. Carter.*

TAYLOR, J. The appellant alleges as error that the appointment of the administrator *de bonis non* was wholly void for want of jurisdiction in the county court to make the appointment, for the reasons that the record shows the estate of Buckley had been fully settled, the estate distributed, and the administratrix of the estate discharged of her trust, several years before the application for the appointment of the administrator *de bonis non* was made, and that no cause is shown for such appointment, admitting that the administration of the estate had not been fully closed. The first objection is

not sustained by the proofs. The order introduced in evidence which, it is claimed, shows the fact, only shows that the debts, funeral expenses and expenses of administration had been fully paid, and that there remained in the hands of the administratrix the sum of $328.02 belonging to the estate of the deceased, and a direction that the sum be paid to the heirs of said deceased, and that, upon making such payment, the administratrix be discharged from further trust in said matter. The order does not define who the heirs of the deceased are, or make any distribution of the estate to them, but confers the duty of making the distribution upon the administratrix, and discharges her from any further duty as such when she shall have made such distribution. Under this order she should have filed in the county court some proof that she had paid the moneys in her hands to the proper person, in order to have made a final distribution of the estate. For anything appearing in the evidence, the former administratrix of Buckley's estate has this money still in her hands. This is, in fact, admitted, as she claims to be the sole heir-at-law of the deceased, and as such claims the money. But she fails to show any adjudication of the county court that she is such sole heir, or any award to her of the estate of said deceased as such heir. It does not appear, therefore, that the estate of Buckley had been finally settled and distributed when the application was made for the appointment of an administrator *de bonis non*.

The other objection is, that, if the estate had not been fully settled and distributed to the heirs, then it appears there was an administratrix of such estate at the time of the application, and there is no proof that such administratrix had been removed, that she had resigned, or had in any other way become disqualified to hold the office. We think it is a sufficient answer to this objection that, as the record does not disclose the reason for the appointment, it must be presumed that the appointment was for some good cause in the law. The evidence

shows that the former administratrix had remarried, and this
fact would furnish sufficient ground for appointing an admin-
istrator *de bonis*. See section 13, ch. 99, R. S. 1858; Tay.
Stats., 1213, § 13. The record also discloses that the appoint-
ment was made by the mutual consent of all parties interested,
and Mary Buckley, widow of the deceased, and administratrix,
claims that she is the only party interested except the claim-
ant; and it must be presumed, therefore, that she was present
consenting to such appointment. But, in the absence of any
evidence showing the appointment void, the order granting
the letters, and the letters themselves, are *prima facie* evi-
dence of the authority to make the appointment. See *Bailey
v. Scott*, 13 Wis., 619; *Sitzman v. Pacquette*, id., 291; *Chase
v. Ross*, 36 Wis., 267; *Wittman, Executrix, v. Watry*, 45
Wis., 491; *Flood, Adm'r, v. Pilgrim*, 32 Wis., 376.

The appellant further alleges that the evidence shows that
the plaintiff's claim was barred by the statute of limitations;
and upon this point he invokes the six-year limitation and the
shorter limitation for presenting claims against the estates of
deceased persons. We think neither objection is good. The
plaintiff's claim arises out of the breach of Buckley's con-
tract to convey the lands described in his contract to the
plaintiff as therein provided. Buckley had not agreed to
convey until the money was due and payable, and it did not be-
come so due until 1871. At that time Buckley had been dead
for several years, and, as is claimed by the defendants, his es-
tate had been settled and the administratrix discharged. The
plaintiff having been put into possession under his contract of
purchase, and holding the undisturbed possession, he could
not have maintained any action against Buckley upon the con-
tract until the time arrived when he was to pay the balance of
the money and have his deed. See *Diggle v. Boulden*, 48
Wis., 477. At that time it is probable that by making a ten-
der of the money due he could have rescinded the contract,
surrendered the possession, and recovered the money he

had paid thereon, of Buckley or his personal representatives, had they failed to give him a good title to the lands; and in this view of the case six years would not have expired from the time his right of action might have accrued to the time of his presentation of his claim to the county court for allowance. But as the plaintiff was in possession of the land under his contract, and remained in the quiet possession, no cause of action would accrue to him as against Buckley or his representatives to recover back the purchase money paid for the land, until he was evicted therefrom by some one having a title paramount to Buckley's title; and the evidence shows that he was not finally evicted until April 1, 1875. At this last date the right of action in favor of the plaintiff became perfect as against the estate of Buckley, and not before. Though the plaintiff might have had his right of action when he became entitled to a deed under his contract, by making a tender of the balance of the purchase money and surrendering the possession to his vendor, he was not bound to surrender such possession, but might rely upon the contract of his vendor to make his title good, and hold the possession until he was evicted by the real owner. *Noonan v. Ilsley*, 22 Wis., 27; *Mecklem v. Blake*, id., 495; *Ludlow v. Gilman*, 18 Wis., 552; *Horton v. Arnold*, 18 Wis., 212; *Taft v. Kessel*, 16 Wis., 273–8; *Diggle v. Boulden, supra; McIndoe v. Morman*, 26 Wis., 588. The plaintiff's cause of action did not in fact accrue until April 1, 1875. The record shows that no order had been made by the county court limiting the time within which all claims and demands against the deceased should be presented for examination and allowance, until the 12th of July, 1875; and that order limited the time for presenting claims against said estate to six months after that date. The record does not show when the claim was in fact presented for allowance; but there is an order, bearing date June 12, 1876, which recites the fact that the claim had been *theretofore filed*, and as no objection was made either in the county or circuit court that it

had not been filed within the six months fixed by said order, we must presume it was filed within that time.

The only other objection urged against the judgment is, that the court erred in refusing to permit the defendants to show that the plaintiff, whilst in possession of the lands under his contract, had cut and removed therefrom large quantities of timber, and that the value of the timber so removed was a much greater sum than had been recovered against him by the real owner in the action of ejectment for rents, profits and damages. We do not think this was error. The evidence having disclosed the fact that Buckley was not the owner of the lands, he had no right to the timber growing thereon, and, if the real owner failed to recover the value of the timber taken therefrom by the plaintiff, or if he, without consideration, released his claim against the plaintiff for damages sustained by reason of the cutting and removal of such timber, we are unable to comprehend how that would give Buckley or his representatives the right to recover the value of such timber of the plaintiff.

We find no error in the record and proceedings, and the judgment must be affirmed.

*By the Court.* — The judgment of the circuit court is affirmed.